UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GALINA SIDANOV,

Plaintiff,

-against-

MAGELLAN HEALTHCARE INC., and JOANN HARRIS

Defendants.

Case No.: 19-cv-05375-PAE

**STIPULATION AND ORDER OF CONFIDENTIALITY**

Plaintiff Galina Sidanov ("Plaintiff") and Defendants Magellan Healthcare, Inc.[1] ("Magellan") and JoAnn Harris (collectively "Defendants"), each a "Party" or collectively, "the Parties," hereby agree to the following Stipulation and Order of Confidentiality ("Order") regarding certain documents and information that will be produced by the Parties during discovery in the above-captioned action (the "Action").

1. The Parties acknowledge that discovery in this Action may require the disclosure of documents and other materials that are commercially sensitive, contain personal medical information, and/or are otherwise confidential in nature.

2. The Parties hereby agree that "Confidential Information" shall include information, documents, data, portions of discovery materials, if any, including but not limited to deposition transcripts, interrogatory answers, and responses to requests for admissions, if the information contained therein has not been made publicly available and is the kind of information the Parties believe in good faith to be trade secret, proprietary, business confidential, competitively sensitive information or Personal Information. "Personal Information" means Confidential Information that

[1] To the extent any of Plaintiff's allegations in the Amended Complaint are asserted against Defendant Magellan as Plaintiff's employer, Defendant Magellan denies that it was Plaintiff's employer.

includes internal business materials and materials related to Defendants' (or their associated entities') business process, and individually identifiable personal information about the Defendants' (or their associated entities') clients, patients, employees, and former employees (including Plaintiff), and includes but is not limited to social security numbers, personnel files, date of birth, financial information, medical and health information, and performance ratings, performance information, workers' compensation information, information relating to a spouse, partner or dependent, discipline documentation, promotion information, compensation information, monetary transaction information, employment benefit information, retirement information and termination information.

3. Any Party subject to discovery in this Action may designate documents; deposition testimony, transcripts, and exhibits; responses to interrogatories; responses to requests for admission; and other written, recorded, or graphic information and materials produced by a Party or non-party in the course of this litigation as "Confidential Information." In the case of documents and other materials produced by a Party, the "Confidential" designation shall be made if review by the producing Party or an attorney for the producing Party permits a good faith and reasonable basis for believing that the Confidential Information is of a sensitive nature.

4. The producing Party shall designate information as Confidential Information by stamping the word "Confidential" on each page of the document, in the case of documents, or in a fairly conspicuous fashion, in the case of non-documentary information.

5. With respect to testimony elicited during depositions, whenever counsel for a Party deems that any question or line of questioning calls for the disclosure of information that should be treated as Confidential Information, counsel may: (i) designate on the record prior to such disclosure that such information is being designated as "Confidential" or (ii) give written notice to

all other counsel that such information is being designated as "Confidential" within twenty-one (21) days after receiving a copy of the transcript of the deposition. If a portion of deposition testimony is designated "Confidential," the court reporter shall mark that portion of the transcript accordingly in the text of the transcript itself.

6. Notwithstanding any other provisions in this Order, the Parties reserve the right to withhold from production or otherwise redact in its entirety any information that is subject to protection under a claim of attorney client privilege, the work product doctrine, or any other legally recognized privilege.

7. Confidential Information shall be used by the receiving Party exclusively in connection with this Action and any appeals thereof. Neither documents containing Confidential Information, nor the Confidential Information contained therein, shall be utilized, copied or reproduced except as needed in connection with this litigation and any appeals thereof. All copies shall be maintained within the possession and control of the Parties' counsel of record, who shall take all reasonable and prudent measures to safeguard the Confidential Information. Any summary or copy of the Confidential Information or the documents containing Confidential Information shall be subject to the terms of this Order. Except as further provided in Section 8 of this Order, neither Party nor its counsel shall in any way, directly or indirectly, publish or disseminate any Confidential Information without the permission of the disclosing Party. The prohibitions in this paragraph include, but are not limited to, any acts to post on a website(s), any acts to publish in any internet "chat room," social media, or public discussion site, any acts to provide the information to a journalist, newspaper, magazine, or other publication, and/or any acts otherwise to disseminate the information. Portions of affidavits, deposition transcripts, expert reports, briefs and other court filings quoting, excerpting or summarizing Confidential Information shall be

similarly protected from dissemination or disclosure.

8. The Party receiving any Confidential Information shall not, directly or indirectly, disclose such Confidential Information to any persons other than to the following qualified recipients:

a) The Court, persons employed by the Court, the stenographer transcribing the testimony or argument at a hearing, trial, or deposition in this Action, and any special master or mediator appointed by the court or agreed to by the Parties;

b) Counsel of record for any Party to this Action, as well as employees or independent contractors of such counsel used to assist in the defense or prosecution of this Action;

c) Experts and consultants consulted or retained by any Party or counsel of record for any Party to assist in the defense or prosecution of this Action;

d) Any Party;

e) the court reporter(s) and/or videographers undertaking his or her duties in a deposition relating to this matter;

f) deponents, during the course of their depositions; and

g) Any employee, former employee, agent or independent contractor of any Party who is requested by counsel to assist in the defense or prosecution of this Action, provided, however, that disclosure of the Confidential Information to said individual may be made only to the extent necessary for the employee, former employee, agent or independent contractor to provide such assistance.

h) Should any Party wish to share Confidential Information with any potential individual or entity who is not included in paragraphs 8(a)-(g), above, the Parties shall, prior to such disclosure, advise the potential witness of the contents of this Order and require each such

person to whom such disclosure is made to execute an undertaking in the form attached hereto as Exhibit A. All such undertakings shall be retained by counsel for the Party who discloses Confidential Information in this way. Further, the Party providing the witness with Confidential Information must take reasonably prudent steps to retrieve or to determine that the witness has not retained a copy of such information.

9. Any Party may object to the designation of particular documents or other materials as "Confidential" by giving written notice to the Party making the designation and to all other Parties. The Parties shall attempt to resolve any such dispute by meeting and conferring. In the event that such a dispute cannot be resolved by the Parties after such conference, either Party may apply to the Court for a determination as to whether the designation is appropriate. The disputed documents or other materials shall be treated as "Confidential" pending a ruling from the Court. However, if the producing Party chooses not to raise the issue with the Court within fourteen (14) days of when the Parties reach an impasse on a disputed designation, the document or information in question will lose the proposed designation.

10. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

11. To the extent any Party seeks to file with the Court any documents or other materials with Confidential Information under seal, the Parties will comply with Rule 4.B of the Individual Practices In Civil Cases of United States District Judge Engelmayer.

12. Any Party may consent to have any documents or other materials it previously designated as "Confidential" removed from the scope of this Order by so notifying counsel for the other Party in writing or by so stating on the record at any hearing or deposition. Nothing contained in this Order shall prevent any Party from disclosing its own Confidential Information as it deems

appropriate.

13. Within 60 days of final termination of all aspects of this Action, including any and all appeals, documents and other materials stamped or otherwise identified as "Confidential" and all copies, reproductions, abstracts, indices, summaries and excerpts or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties, and materials that have been admitted into evidence in this action) shall be returned to the Party that produced such documents or, at the option of the producing Party, destroyed. If destroyed, counsel of record shall execute a certification of compliance herewith and shall deliver the same to counsel for the Party that produced the documents, upon written request by the producing party.

14. Notwithstanding anything herein, counsel for the parties shall be entitled to retain attorney work product.

15. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

16. When the inadvertent or mistaken disclosure of any information, document or thing protected by any privilege or work-product immunity is discovered by the producing party and

brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure

17. This Stipulation and Order is subject to revocation and modification by order of the Court, upon written stipulation of the Parties, or upon motion and reasonable notice, and nothing herein shall preclude any party from applying to the Court to modify the terms of this Order. The Parties, however, shall engage in good faith efforts to resolve requests to modify this Order prior to bringing such requests to the Court's attention.

SO STIPULATED:

By: */s/ Jonathan Shalom*
SHALOM LAW, PLLC
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, New York 11375
Phone: (718) 971-9474

POLAT LAW GROUP, PLLC
Emre Polat, Esq.
45 Broadway, Suite 1420
New York, NY 10006
Phone: (212) 480-4500
*Attorneys for Plaintiff*

Date: January 13, 2020

By: */s/ Barbara E. Hoey*
KELLEY DRYE & WARREN LLP
Barbara E. Hoey, Esq.
Alyssa M. Smilowitz, Esq.
101 Park Avenue
New York, New York 10178
Phone: (212) 808-7800
*Attorneys for Defendants*

Date: January 13, 2020

SO ORDERED:

Paul A. Engelmayer
United States District Judge

**Dated:** January 14, 2020